Filed 6/27/13  P. v. Radford CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC TRENON RADFORD,<br><br>    Defendant and Appellant. | A136964<br><br>(Sonoma County<br>Super. Ct. No. SCR589665) |

Appellant Eric Trenon Radford was convicted of a commercial burglary and sentenced to four years in prison, with execution suspended during a three-year period of probation.  Probation was subsequently revoked and the sentence was ordered into execution.  His counsel on appeal has filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have reviewed the entire record on appeal and find no issues that merit briefing.

**BACKGROUND**

After signing a form which notified him of the rights he would waive by entering his plea, Radford entered a no contest plea on February 14, 2011, to one count of second degree burglary (Pen. Code, § 459),[1] and admitted two prior grand theft convictions in 2007 and 2009 (§ 487) for which a prison term was served. (§ 667.5, subd. (b).)  The underlying crime occurred on September 16, 2010, and consisted of the theft of a pair of

---

[1] Undesignated statutory references are to the Penal Code.

1

shorts and a jacket from a Kohl's department store where Radford's girlfriend worked. The goods were reportedly worth $240. Radford was on parole at the time of the offense.

On June 16, 2011, the court sentenced Radford to the upper term of three years, with a consecutive one-year term on the prior prison term enhancement, for a total of four years.[2] Execution of sentence was suspended, and Radford was placed on probation for 36 months, with various conditions. The court explained that imposition of the upper term was justified by Radford's past juvenile and criminal record, which included several incidents of assaultive behavior, but probation was being granted because the crime appeared to be related to defendant's mental health issues. The court ordered quarterly reviews of Radford's progress on probation and also imposed a one-year jail term as a condition of probation, but stayed it for 90 days, pending review of defendant's conduct. A second count of misdemeanor theft (§ 484, subd. (a)) was dismissed on the People's motion.

The probation report for sentencing indicated that Radford had started inhaling cocaine in 2009 and, by his own admission, was "hooked on it." He also admitted to daily use of marijuana for a one-year period, claiming the use was "medicinal to treat an 'eating problem.' " At the same time, Radford confirmed he had no "current medical issues [or] prescribed medications."

At his first review hearing on September 22, 2011, defendant admitted he had started using drugs again. His parole agent got him into a program called "Turning Point" on August 30, 2011, but he left the program two weeks later because he believed he had enemies there.

On September 15 defendant entered the Ford Street Project, a 90-day residential treatment center, from which he was scheduled to graduate on December 14, 2011. The Ford Street Project offered services to address defendant's "severe addiction and criminal

---

[2] While Radford admitted both of the prior offenses alleged under section 667.5, subdivision (b), the two prior crimes were sentenced together so that he suffered only one "prior separate prison term." The court therefore imposed only one one-year enhancement.

2

history," including classes in anger management, life skills, and relapse prevention. At the September 22 review, the court ordered defendant to attend and complete his program at the Ford Street Project and not to leave without prior written consent. He was ordered not to use or possess any controlled substance without a prescription, and he was not to use marijuana even if he had a prescription. That order was not appealed.

On November 9, 2011, the probation officer filed a request for probation revocation alleging that defendant had been in a vehicular accident with a bus and another car on July 12, 2011. The accident was not Radford's fault, but he had been driving without a valid driver's license. The case had been referred for prosecution as a misdemeanor under Vehicle Code section 12500, subdivision (a). Thus, defendant had failed to "obey all laws," a condition of his probation. Probation was summarily revoked on November 9, 2011, and the hearing was continued to December 15 to allow defendant to complete his program at the Ford Street Project.

On December 14, defendant was asked to leave the Ford Street Project because he got into a violent altercation with another participant. Defendant was instructed by his probation officer to report to the probation department on December 14 by 5:00 p.m. and failed to report. On December 15, 2011, the probation officer filed another request to summarily revoke probation. On December 15, 2011, defendant failed to appear in court. Probation remained summarily revoked and a no bail warrant issued.

The hearing was put over until January 3, 2012, at which time defendant pled guilty to the Vehicle Code violation as an infraction and admitted a probation violation in that he failed to obey all laws and failed to complete residential treatment. The court reinstated probation and ordered defendant to serve one year in county jail. He was released from custody on June 2, 2012.

On August 3, 2012, the probation officer filed a request for summary revocation of probation based on allegations that Radford had failed to report to probation as directed on August 2, 2012, after probation had made several attempts to contact him. Radford had also allegedly tested positive for marijuana on July 10, 2012. He had also allegedly been involved in a disturbance at a local park on July 24, 2012. The incident at the park

3

involved defendant and another person getting into a "verbal altercation" with other park visitors. A police officer who responded was "very concerned by the defendant's behavior." No arrests or citations resulted. Probation was summarily revoked and a bench warrant issued.

On August 7, 2012, Radford appeared in court voluntarily to clear the warrant. His attorney told the court Radford had a "valid recommendation for medical marijuana." The court ordered him not to use or possess marijuana unless the court approved of such use after a hearing to determine his eligibility to possess medical marijuana and a legitimate need for its use. It stressed that Radford needed to get a job and also ordered him to stay away from the park where the altercation occurred. Radford was ordered to report to probation on August 9 and every day thereafter.

A new request for summary revocation, however, was filed on August 23, 2012, alleging that Radford was found in possession of marijuana and a digital scale. Probation was summarily revoked. Defendant appeared and denied the allegation, and the matter was set for a violation of probation hearing on September 7 as to both pending petitions.

At the contested hearing, Sonoma County Sheriff's Officer Eric Gelhaus testified that he responded to a report of a disturbance outside an internet café on August 21, 2012, which reportedly involved gangs and guns.[3] He observed two African-American men standing at an intersection near the café. One of those men was Radford. Gelhaus found a backpack approximately ten yards from where Radford was standing, which contained a clothbound student composition book with Radford's name handwritten on the front. The backpack also contained paperwork for a "W.B.I. program" that Radford had mentioned to the officer, and it did not contain indicia that it belonged to anyone else. Inside the backpack Gelhaus found a ziploc baggie containing 19 grams of marijuana and a digital scale.

---

[3] The probation reports indicate that Radford was at one time involved to some extent with a gang.

4

Sonoma County Probation Officer Scott Wagman testified he was assigned to supervise Radford. One of the terms of Radford's probation was that he not possess controlled substances, including specifically marijuana. After meeting with Radford in person on July 10, 2012, Wagman attempted to schedule another appointment with him for August 2, 2012. Wagman mailed the appointment letter to Radford's listed address, called and left messages for him on his roommate's phone, and went to his listed address in an attempt to contact him. Radford did not appear at the August 2 appointment.

Wagman testified the "B.I. program" is a daily reporting program offering classes, drug testing, and the building of job skills. Radford was reporting to the B.I. program and was in compliance with probation until he was taken into custody on the new possession offense. He had tested positive for marijuana at the B.I. program, but Wagman was not concerned because it could have been residual from the use of marijuana detected in the July test.

At the conclusion of the hearing, defendant's counsel argued for leniency in light of the "rather minor nature" of the violation. The court nevertheless found Radford was in violation of his probation based on the possession of marijuana and the failure to report.

On October 2, 2012, defense counsel filed a written argument in support of reinstatement on probation, with several letters of support attached, including a letter from Radford himself. An additional letter of support was filed October 9, 2012.

Defendant told the court at the October 11 sentencing hearing that he had a medical marijuana card, although he did not produce it at the hearing and there is no copy of it in the record. He also said he had "no excuse for the marijuana" and acknowledged the judge had given him "more than many chances." He admitted he had "failed at every chance."

On October 11, 2012, the court denied reinstatement to probation, terminated probation as unsuccessful, and ordered the four-year prison term into effect, to be served at the county jail pursuant to section 1170, subdivision (h). The court ordered the final 14 months of the sentence to be served on mandatory supervision (§ 1170, subd. (h)(B)),

5

with numerous conditions, including abstinence from alcohol and drugs, including marijuana in the absence of a hearing establishing medical need, staying away from bars and liquor stores, random chemical testing, a warrantless search provision, weapons prohibition, and required participation in counseling and programs as instructed by his probation officer. Credits of 238 actual and 238 days of conduct credit were determined, for a total of 476 days presentence custody credits, and numerous fines and fees were imposed.

A timely notice of appeal was filed on October 25, 2012. We appointed counsel to represent Radford on appeal.

On March 5, 2013, Radford's appointed appellate counsel filed a brief under *Wende*, *supra*, 25 Cal.3d 436, acknowledging she had been unable to find any arguable issues. Radford was advised that he had 30 days within which to personally submit any supplemental briefing, but he has not done so.

## DISCUSSION

Radford was given a probation violation hearing in which he was represented by counsel. Witnesses were called and were subject to cross-examination by defendant's attorney. The court correctly applied the preponderance of the evidence standard in sustaining the petitions. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 441-442.) There was substantial evidence to support the trial court's findings.

Radford's trial counsel filed a written argument requesting that probation be reinstated, together with supporting documents. Because defendant had violated probation repeatedly, we see no arguable issue regarding the court's decision to revoke probation and impose the suspended sentence. (*People v. Urke* (2011) 197 Cal.App.4th 766, 772-773.) We have reviewed the court's order regarding service of sentence under section 1170, subdivision (h) and the calculation of presentence credits.[4] We find no arguable issues.

_____

[4] Radford waived custody credits while in residential treatment.

6

We have also reviewed the conditions of mandatory supervised release, including that Radford was not to "possess marijuana unless there is a hearing to establish that [Radford is] in need of medical marijuana." Radford's conflicting statements about his supposedly medicinal use of marijuana, his failure to produce a valid medical marijuana card despite claims that he possessed one, and his arrest for possession of marijuana (together with a digital scale) on August 21, 2012, would seem to call into question the legitimacy of Radford's use of marijuana. The fact that the court gave Radford the opportunity to calendar a hearing at which his legitimate medical need to use marijuana would be determined seems to preclude any challenge to the validity of the condition. (Cf. *People v. Leal* (2012) 210 Cal.App.4th 829, 840-842.) In any case Radford's failure to object to the condition of supervised release would constitute a forfeiture of that issue on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 234-237.)

We are satisfied that Radford's attorney on appeal—a staff member of the First District Appellate Project—has fully complied with her responsibilities and that there are no issues that, if resolved favorably to defendant, would result in reversal or modification of the judgment.

## DISPOSITION

The order revoking probation and ordering the previously imposed sentence into execution is affirmed.

_____
Richman, J.

We concur:

_____
Kline, P.J.

_____
Lambden, J.

7